PER CURIAM.
Bernard House seeks review of an order of the agency that revoked his beverage license and imposed other sanctions. He concedes that the revocation was authorized under the circumstance of his conviction of a felony but argues that other sanctions imposed were improper. As the agency has in its answer brief agreed to the correctness of appellant’s position, we reverse and remand for issuance of an amended order.
Revocation of appellant's license was without prejudice to his right to transfer it to a qualified applicant within 60 days. This provision of the order was stayed during the pendency of the appeal, see section 120.68(3), Florida Statutes (1987). Appellant has moved this court to modify the stay so that the business can continue to operate during the 60 days after issuance of this court’s mandate and while appellant is attempting to locate a buyer. Appellee takes the position, and we agree, that this court’s jurisdiction to impose a stay terminates when appellate proceedings conclude. Additionally, we note that the agency’s order was entered in July, 1988, and that the statutory stay shall remain in effect until issuance of mandate. Since appellant has not contested the agency’s right to revoke his license without prejudice to his right to transfer, he has had ample opportunity to locate a qualified buyer during the pendency of the proceedings.
The final order on appeal is reversed and remanded for issuance of an amended order. Appellant’s motion to modify stay pending appeal is denied.
SMITH, C.J., and ERVIN and NIMMONS, JJ., concur.